**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

CARPENTERS & JOINERS WELFARE FUND,
TWIN CITY CARPENTERS PENSION FUND,
TWIN CITY CARPENTERS VACATION FUND,
TWIN CITY CARPENTERS APPRENTICESHIP
FUND, Trusts,

Plaintiffs,

v.

VIKING CONSTRUCTION WORKS, INC.,

Defendant.

File No. 01-CV-1890 (DWF/SRN)

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW, AND**
**ORDER FOR DEFAULT JUDGMENT**

---

Scott B. Crossman, Esq., and Pamela H. Nissen, Esq., McGrann Shea Anderson Carnival Straughn & Lamb, Chtd., 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402-2041, counsel for Plaintiff.

---

This matter was heard before the undersigned on the 4th day of January, 2001. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on October 15, 2001. Defendant was personally served with the Summons and Complaint in this matter on October 16, 2001.

JAN 0 7 2002

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 0 7 2002
DEPUTY CLERK

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendant accepted and agreed to be bound by a Collective Bargaining Agreement between the Carpentry Contractors Association, the Gypsum Drywall Contractors Association, and the Lakes and Plains Regional Council of Carpenters and Joiners. The Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. Defendant failed to timely submit report forms or pay contributions for the months of June, July, August, September, October, November, and December 2001.

6. Plaintiffs believe Defendant has employed individuals during these months for which contributions are due.

7. The Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

8. The Bargaining Agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant has failed to submit its reports and pay contributions due to Plaintiffs for the months of June through December 2001.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Defendant file reports for June, July, August, September, October, November, and December 2001 if those have not already been submitted, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, correctly identifying hours worked by carpenters and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

3. That Defendant pay the contributions of all of the hours reported pursuant to the Court's Order plus liquidated damages in the amount of 10% of the delinquent contributions and Plaintiffs' attorney fees and costs.

4. That upon the filing of the reports for the months of June through December 2001 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: January 7, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995